## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|         Plaintiff, | |
|     v. | |
| RAYON D. ESAW, | Criminal Case No. 3:18-cr-00094-SLG |
|         Defendant. | Civil Case No. 3:20-cv-00129-SLG |

**ORDER TRANSFERRING ACTION TO THE SOUTHERN DISTRICT OF GEORGIA**

Pending before the Court are two motions related to habeas corpus relief sought by defendant Rayon D. Esaw. At Docket 82 is Mr. Esaw's Amended Petition Under 28 U.S.C. § 2241. At Docket 86 is the government's Motion to Dismiss for Lack of Jurisdiction & Agreement to Waive Collateral Attacks & Appeals. Mr. Esaw opposed the government's motion at Docket 87.

**I.    Procedural background**

In August 2019, this Court sentenced Mr. Esaw to 90 months imprisonment after he pleaded guilty to Distribution of a Controlled Substance.[1] The judgment states that "[t]his term of imprisonment is to be served consecutively to the revocation sentence in [another federal case] and consecutively to any term of imprisonment imposed by the State of Alaska for parole/probation revocations."[2] Mr. Esaw is currently in federal

---

[1] Docket 71.

[2] Docket 71 at 2.

custody and housed at FCI Jesup, which is within the Southern District of Georgia.[3]

In June 2020, Mr. Esaw filed a *pro se* § 2255 motion, and the Court appointed counsel.[4] In July 2020, Mr. Esaw's appointed counsel withdrew the *pro se* § 2255 claims and "amend[ed] his petition and convert[ed] it to a 28 U.S.C. § 2241 petition."[5] The § 2241 petition raises only one claim: that the Bureau of Prisons (BOP) abused its discretion when it immediately transferred Mr. Esaw to a BOP facility instead of first having him complete his state sentence, despite the sentencing court's judgment to the contrary.[6]

The government asserts, *inter alia*, that "the defendant's claims were filed in the wrong jurisdiction, claims under 18 U.S.C. § 2241 are required to be filed in the District where the defendant is in custody."[7] The government moves to have Mr. Esaw's § 2241 petition "dismissed with the potential instruction to file the § 2241 petition in the Southern District of Georgia where he is currently incarcerated."[8] Mr. Esaw responds that if this Court does not have jurisdiction over the § 2241 petition, it "should be transferred rather than dismissed."[9] Mr. Esaw does not contend that the § 2255 saving clause applies here; instead, he asserts that Mr. Esaw's *pro se* motion was incorrectly filed as a § 2255 motion

---

[3] Bureau of Prisons Inmate Locator, available at www.bop.gov/inmateloc/ (last accessed Oct. 7, 2020).

[4] Docket 75 (§ 2255 motion); Docket 78 (order appointing counsel).

[5] Docket 82 at 4. The Court dismissed the § 2255 motion as moot at Docket 88.

[6] Docket 82 at 4–5.

[7] Docket 86 at 2.

[8] Docket 86 at 5.

[9] Docket 87 at 2.

Case Nos. 3:18-cr-00094-SLG and 3:20-cv-00129-SLG, *United States v. Esaw*
Order Transferring Action to the Southern District of Georgia
Page 2 of 5
Case 3:20-cv-00129-SLG   Document 13   Filed 10/13/20   Page 2 of 5

but that the proper statutory authority lies in § 2241.[10]

## II. Applicable law

"Congress made a deliberate choice to give jurisdiction over § 2241 petitions and § 2255 motions to different courts."[11] Federal district courts have authority to review challenges to the underlying conviction but have no authority to monitor how the BOP executes a defendant's sentence.[12] Thus, "motions to contest the legality of a sentence must be filed in § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."[13]

When a district court finds that it does not have jurisdiction over a habeas proceeding, the court shall transfer the proceeding to the appropriate district if two conditions are met: (1) the receiving court would have had jurisdiction at the time the petition was filed, and (2) the transfer is in the interest of justice.[14]

## III. Application to Mr. Esaw's case

Mr. Esaw expressly "challenges only the manner and location of his sentence execution" and does not contest the legality of his sentence.[15] Having reviewed the claim

---

[10] Docket 82 at 5.

[11] *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000).

[12] *Dunne v. Henman*, 875 F.2d. 244, 249 (9th Cir. 1989).

[13] *Hernandez*, 204 F.3d at 864. *See also Dunne*, 875 F.2d at 249 ("The proper forum to challenge the execution of a sentence is the district where the prisoner is confined.").

[14] 28 U.S.C. § 1631. *See Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001) ("The federal transfer statute is applicable in habeas proceedings.").

[15] Docket 82 at 5.

Case Nos. 3:18-cr-00094-SLG and 3:20-cv-00129-SLG, *United States v. Esaw*
Order Transferring Action to the Southern District of Georgia
Page 3 of 5
Case 3:20-cv-00129-SLG   Document 13   Filed 10/13/20   Page 3 of 5

raised in Mr. Esaw's § 2241 petition, the Court finds that it is correctly raised pursuant to 28 U.S.C. § 2241 and that the District of Alaska does not have jurisdiction to hear the claim because it is not the custodial court.[16]

The Court also finds that the Southern District of Georgia would have had jurisdiction over Mr. Esaw's § 2241 petition at the time that it was filed. The Court notes that both Mr. Esaw's § 2255 motion and § 2241 petition were filed within the one-year statute of limitations.[17] However, that one-year statute of limitations has now passed, and Mr. Esaw's action could now be time-barred if it were dismissed without prejudice and he attempted to re-file in the Southern District of Georgia.[18] Moreover, "[n]ormally transfer will be in the interests of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating."[19] Accordingly, the Court finds that transfer—instead of dismissal—is in the interest of justice.

---

[16] *See Hernandez*, 204 F.3d at 865 ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court."); *Dunne*, 875 F.2d at 249–50 (non-custodial sentencing court lacked in personam jurisdiction over the BOP warden-respondent).

[17] *Taylor v. Social Sec. Admin.*, 842 F.2d 232, 233 (9th Cir. 1988) (requiring district court to consider if the action would have been timely if it had been filed in the proper forum when determining whether to transfer the action pursuant to § 1631).

[18] *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006).

[19] *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (applying the transfer statute to a § 2241 action).

Case Nos. 3:18-cr-00094-SLG and 3:20-cv-00129-SLG, *United States v. Esaw*
Order Transferring Action to the Southern District of Georgia
Page 4 of 5
Case 3:20-cv-00129-SLG   Document 13   Filed 10/13/20   Page 4 of 5

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the government's motion to dismiss at Docket 86 is DENIED.  IT IF FURTHER ORDERED that the § 2241 action is transferred to the United States District Court for the Southern District of Georgia.  The Clerk of Court shall affect the transfer to the Southern District of Georgia.

DATED this 13th day of October, 2020, at Anchorage, Alaska.

                                              */s/ Sharon L. Gleason*
                                              UNITED STATES DISTRICT JUDGE

Case Nos. 3:18-cr-00094-SLG and 3:20-cv-00129-SLG, *United States v. Esaw*
Order Transferring Action to the Southern District of Georgia
Page 5 of 5

Case 3:20-cv-00129-SLG   Document 13   Filed 10/13/20   Page 5 of 5